Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William T. Hart | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 8776 | **DATE** | 11/15/2012 |
| **CASE TITLE** | Gerrell Love (M14122) vs. Marcus Hardy, et al. | | |

**DOCKET ENTRY TEXT**

The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. Plaintiff's motion for appointment of counsel (Dkt. No. 4), is denied without prejudice  The court orders the trust fund officer at the plaintiff's place of incarceration to deduct $1.00 from the plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Pickneyville Correctional Center. Defendants Hardy and Engleson are dismissed. The clerk is directed to issue summonses for service on the defendants Ziegler and Wade. The United States Marshal Service is appointed to effectuate service on defendants. The clerk is further directed to send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

■[ For further details see text below.]  Docketing to mail notices.

# STATEMENT

Pro se plaintiff Gerrell Love, a Pickneyville Correctional Center inmate, has brought a civil rights suit pursuant to 42 U.S.C. § 1983. Pending before the Court are plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), complaint for an initial review pursuant to 28 U.S.C. § 1915A (Dkt. No. 1), and motion for appointment of counsel. (Dkt. No. 4).

The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $1.00. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff wherever he may be transferred.

Plaintiff challenges his treatment while incarcerated in the Illinois Department of Corrections' Northern Reception Center. He claims that he was not given an asthma pump to address his condition despite numerous requests. This resulted in various asthma attacks and shortness of breath. He also claims that he was served fish at times despite telling correctional staff that the was allergic. He does not claim any type of reactions regarding the fish, nor that this was the only source of food. Finally, plaintiff alleges that he was forced to stay in a cell with feces on the bed.

| STATEMENT |
|---|

     Plaintiff may proceed with a deliberate indifference claim regarding his asthma, *Board v. Farnham*, 394 F.3d 469, 484-86 (7th Cir. 2005) (recognizing deliberate indifference regarding denial of asthma inhaler), and the placement in a cell containing feces. *Vinning-El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007). The fish claim is dismissed. "Deliberate withholding of nutritious foods or substitution of tainted or otherwise sickening food, with the effect of causing substantial weight loss, vomiting, stomach pains . . . would violate the Eighth Amendment." *Prude v. Clarke*, 675 F.3d 732, 734 (7th Cir. 2012). Here, plaintiff does not plausibly suggest that the serving of fish (presumably along with other food) resulted in the denial of nutrition or other physical harms to him.

     Defendants Hardy and Engleson are dismissed because they were not personally involved in the alleged constitutional violations. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Their status as supervisors is insufficient to hold them personally liable for the alleged constitutional violation. Plaintiff may proceed against defendant Wade who was allegedly deliberately indifferent to plaintiff's asthma needs. He may also proceed against defendant Ziegler regarding the placement in the cell with feces.

     The clerk shall issue summonses for service on defendants Ziegler and Wade and send plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for plaintiff to complete will be sent by the Marshal as appropriate to serve defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve defendants. With respect to any former employees who no longer can be found at the work address provided by plaintiff, the Illinois Department of Corrections and/or Wexford Health Sources, Inc. shall furnish the Marshal with defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. Plaintiff is to provide the U.S. Marshals Service with a copy of the complaint and a proper form for request of waiver pursuant to Federal Rule of Civil Procedure 4(d)(1). The U.S. Marshals Service is requested to mail the complaint and appropriate papers for waiver of service by first-class mail to the named defendants pursuant to Rule 4(d)(1)(G).

     The plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the defendants]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.

     Plaintiff's motion for appointment of counsel (Dkt. No. 4), is denied without prejudice because he has failed to make a reasonable effort to obtain his own attorney. *Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010); *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc). Plaintiff must request pro bono assistance from law firms or legal assistance organizations before he may request counsel from the Court. He should include copies of the letters he receives from these entities responding to his requests in any renewed motion for counsel.