IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GERRELL LOVE,  )
 )
       Plaintiff,  )
 )
  v.  )  No. 12 C 8776
 )
MARCUS HARDY, et al.,  )
 )
       Defendants.  )

# **OPINION AND ORDER**

*Pro se* plaintiff Gerrell Love is presently incarcerated at Pickneyville Correctional Center in Illinois. He alleges that, while at the Illinois Department of Corrections ("IDOC") Northern Reception Center, defendant C. Ziegler was deliberately indifferent when she placed plaintiff in a cell with feces. He further alleges that defendant Ms. Wade was deliberately indifferent to plaintiff's medical condition. Defendant Ziegler moves for summary judgment based on plaintiff's failure to exhaust administrative remedies.[1] Consistent with Seventh Circuit

---

[1] Supervisory defendants Warden Marcus Hardy and Superintendent Tracy Engleson were previously dismissed. *See* Order dated November 15, 2012 [5]. Defendant Wade has not yet been served. The contentions presently

precedent and Local Rule 56.2, plaintiff was advised as to responding to a motion for summary judgment. *See* Docket Entry [22].

The Prison Litigation Reform Act requires that a prisoner, who has brought a lawsuit as has Love, exhaust state administrative remedies. 42 U.S.C. §1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Such exhaustion must be completed prior to bringing suit. Even if exhaustion is completed after the suit is brought, the suit must be dismissed without prejudice. *See* **Barnes v. Briley**, 420 F.3d 673, 677 (7th Cir. 2005); **Ford v. Johnson**, 362 F.3d 395, 401 (7th Cir. 2004); **Perez v. Wis. Dep't of Corr.**, 182 F.3d 532, 535 (7th Cir. 1999); **Dixon v. Schaefer**, 2013 WL 941971 *2 (N.D. Ill. March 11, 2013); **Hernandez-Arredondo v. Hollingsworth**, 2012 WL 3047735 *6 (S.D. Ill. June 29, 2012), *report of mag. j. adopted*, 2012 WL 3046006 (S.D. Ill. July 25, 2012).

IDOC has a grievance procedure that plaintiff could have followed. *See generally* **Moore v. Feinerman**, 2012 WL 638776 *3 (S.D. Ill. Feb. 27, 2012),

---

raised by defendant Ziegler apply to Wade as well.

*aff'd by unpublished order*, ___ F. App'x ___, 2013 WL 3122925 (7th Cir. June 21, 2013). Defendant contends plaintiff did not file any grievance concerning the incidents alleged in his present complaint. Defendant provides affidavits supporting that no record of any grievance was found in IDOC's records. Inconsistent with the requirements of Local Rule 56.1, plaintiff did not specifically respond to defendant's statement of facts. It is, however, within the court's discretion as to how strictly to enforce that rule and this bench generally does not enforce it strictly, particularly as regards a *pro se* litigant, if the litigant responds in a manageable form with supporting documents. *See* **Bey v. Shinseki**, 2012 WL 4434651 *1 (N.D. Ill. Sept. 20, 2012).

Plaintiff provides his own affidavit[2] stating that he filed an emergency grievance with the Warden; received no response and thereafter filed the grievance with a grievance officer; and received no response and thereafter filed an emergency appeal with the Administrative Review Board ("ARB"). Plaintiff provides copies of the alleged grievance and appeal. While this might ordinarily be enough to support a genuine factual dispute, there are inconsistencies with

---

[2]In his response, plaintiff also requests that summary judgment be granted in his favor. Since defendant is entitled to summary judgment, it is unnecessary to separately address plaintiff's request for summary judgment.

plaintiff's presentation. Plaintiff alleges he arrive at the Northern Reception Center on July 6, 2012, a fact that is confirmed by records submitted by defendant. The incidents alleged in the Complaint occurred on an unidentified date or dates thereafter. Plaintiff states in his affidavit that he first submitted the grievance on July 3, 2012, which is also the date at the top of the grievance and the date placed next to plaintiff's signature on the grievance. This is despite the fact that the body of the grievance mentions arriving at the Northern Reception Center on July 6, 2012 and the impossibility of plaintiff filing a grievance about treatment at the Northern Reception Center prior to his actual arrival there. Possibly plaintiff simply misdated the grievance--perhaps the alleged mistreatment and filing of the grievance occurred on July 13--and he thereafter mistakenly incorporated the date in his affidavit. But that is not the only inconsistency. Even if plaintiff filed a grievance with the Warden and received no response, his next step would have been to file an appeal to the ARB. In his ARB appeal dated October 2, 2012 (and repeated in his affidavit), plaintiff states he waited 97 days without a response from the warden and then filed his appeal. But October 2 is only 91 days after July 3 and plaintiff was being transferred from the Northern Reception Center to Pickneyville on October 2, so it would have been impossible to have had a copy of

- 4 -

his original grievance to attach to his appeal as he contends he did. Plaintiff also states in his affidavit that he waited 189 days and then brought the present lawsuit. But the present lawsuit was received on November 1, 2012, plaintiff's signature on the Complaint is dated October 12, 2012, and it apparently was mailed on some date in between. 189 days before November 1, 2012 is April 26, 2012, more than two months before the alleged date of the grievance.

In light of the above inconsistencies, it is held that plaintiff has not established a genuine factual dispute that he actually filed a grievance.

Alternatively, even assuming plaintiff timely filed a grievance and appeal, the exhaustion requirement was not satisfied. As set forth above, exhaustion must be completed prior to filing suit. Under applicable procedures, the ARB has six months to rule on an appeal. 20 Ill. Admin. Code § 504.850(f). Even assuming a timely appeal was filed on October 2, 2012, the ARB had until April 2, 2013 to make its decision. If plaintiff did file a timely ARB appeal on October 2, 2012 and had not yet received a decision, it was premature to bring a lawsuit less than one month later.

For the foregoing reasons, plaintiff did not satisfy the exhaustion requirement prior to filing suit. This action will be dismissed without prejudice.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment [19] is granted. Plaintiff's motion for summary judgment [29] is denied. The Clerk of the Court is directed to enter judgment in favor of defendants and against plaintiff dismissing plaintiff's cause of action without prejudice for failure to exhaust administrative remedies. If plaintiff wishes to appeal today's ruling, he must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit with the Clerk of the Court, United States District Court for the Northern District of Illinois, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, within thirty (30) days of the entry of the judgment in this case. *See* Fed. R. App. P. 4(a)(1)(A). If plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. Furthermore, if the appeal is found to be non-meritorious, plaintiff may also accumulate a "strike."

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: JULY 2, 2013